# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL PAUL CHACON,

       Plaintiff,

v.                                        CV 12-553 WPL

MICHAEL J. ASTRUE,
*Commissioner of the*
*Social Security Administration*,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Michael Paul Chacon filed an application for Supplemental Security Income on July 7, 2008. (Administrative Record ("AR") 10.) He alleges disability beginning June 24, 2008, due to back pain, Bipolar Disorder, Attention Deficit Disorder, paranoia, and memory loss. (AR 157.) Administrative Law Judge ("ALJ") Claudia Underwood held a disability hearing on April 16, 2010, at which Chacon was represented by legal counsel. (AR 20-80.) On October 25, 2010, she determined that Chacon was not under a disability as defined by the Social Security Act and was therefore not entitled to benefits. (AR 10-19.) Chacon filed an appeal with the Appeals Council, but the Council declined his request, making the ALJ's decision the final decision of the Social Security Administration ("SSA"). (AR 1-4.)

Chacon sought review of the SSA's decision on May 21, 2012 (Doc. 1), and filed a motion to remand on September 14, 2012 (Doc. 22). The motion contains two sentences: "This matter comes before [the] Court for consideration of a motion of Denial of Social Security benefits. Denial may have been unmerited uneder [sic] Social Security Administration rules + regulations, and evidence being submitted. * See Attatched [sic] documentation:" (Doc. 22.)

Chacon then attached the ALJ's opinion and the hearing transcript. (*Id.*; Doc. 23.) The Commissioner responded in opposition to Chacon's motion. (Doc. 24.) While he noted that Chacon failed to support his motion with specific allegations of error, the Commissioner proceeded to describe the basis for the ALJ's decision and show that there was substantial evidence supporting it. (*Id.*) Chacon did not file a reply.

It is a basic rule that a motion must "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B); *see also* D.N.M.LR-Civ. 7.1(a) (same) &  7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced.") Because Chacon proceeds pro se, I must construe his pleadings liberally and hold them to a less stringent standard than is required a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

In *Garrett,* the Tenth Circuit held that a pro se plaintiff forfeited his right to appeal because his brief failed to include a statement of the issues presented for review, the nature of the case, the procedural and factual background, references to the record, or a legal argument with supporting authorities. *Id.* at 840. Under *Garrett,* all appellate briefs, even those by pro se litigants, must contain "more than a generalized assertion of error, with citations to supporting

authority." *Id.* at 841 (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). *Garrett* relied on Federal Rule of Appellate Procedure 28, not Federal Rule of Civil Procedure 7, in concluding that the petition was inadequate, but the underlying principle of the *Garrett* decision applies equally to both rules: "[w]hen a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* (quotations omitted); *see also Utahns for Better Transp. v. United States Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) ("[I]ssues will be deemed waived if they are not adequately briefed.")

Although this is a district court, not an appellate court, I am acting as an appellate judge in reviewing the ALJ's decision. *See* 42 U.S.C. § 405(g) (2012). I find that the general principles articulated in *Garrett* apply to the present matter.  Here, Chacon has appealed the decision of the ALJ, but he has not articulated a single reason why the ALJ's opinion was erroneous. In fact, he has not affirmativly stated that the decision was actually erroneous, only that the decision "*may have* been unmerited." (Doc. 22 at 1 (emphasis mine).) I will not search the almost one thousand page record (*see* Doc. 15; Doc. 16; Doc. 17; Doc. 18; Doc. 19) to determine *if* the ALJ might have erred. Therefore, I deny Chacon's  motion to remand.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.          3